UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In Re | : | |
| | : | |
|    Chichan John Hwang and | : | Case Number 12-15450-RGM |
|    Jong Ray Hwang | : | (Chapter 7) |
|       Debtors. | : | |
| Curtis Properties, Inc. | : | |
| 5620 Linda Lane | : | |
| Camp Springs, Maryland 20748 | : | |
|     Movant, | : | |
| v. | : | |
| Chichan John Hwang and | : | |
| Jong Ray Hwang | : | |
| 8931 HighGrove Court | : | |
| Lorton, VA 22079 | : | |
|    and | : | |
| Robert Ogden Tyler, Trustee | : | |
| Tyler, Bartl, Ramsdell & Counts, P.L.C. | : | |
| 300 North Washington Street, Suite 202 | : | |
| Alexandria, VA 22314 | : | |
|     Respondents. | : | |

MOTION FOR ADMINISTRATIVE EXPENSES

Curtis Properties, Inc. ("Landlord"), by and through counsel, moves for administrative expenses.

MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION FOR
ADMINISTRATIVE EXPENSES

**Introduction**

Debtors and Landlord entered into a commercial lease agreement dated July 31, 2003 for the property known as 7035 Columbia Pike, Annandale, Virginia 22003 ("Premises");

1

Amendment of Lease Agreement dated, November 25, 2008; Second Lease Amendment and Rent Reduction dated September 1, 2010; and Third Lease Amendment and Rent Reduction Agreement dated February 18, 2011 (collectively "the Lease").  A copy of the Lease is attached hereto and incorporated herein as Exhibit 1. Debtors' monthly base rent was $3,685.82 plus monthly common area maintenance and real estate tax charges.  Debtors gave to Landlord a security deposit in the amount of $3,591.97.  Debtors were doing business as "Fashion Club" at the Premises.

Plaintiffs filed the above-captioned Chapter 7 Petition on September 7, 2012.  The Debtors continued to operate their retail store, selling their inventory of clothes and other "department store" type items at the Premises while failing to pay Landlord any post-petition rent and other charges.  Landlord filed its Motion for Relief from Stay on December 4, 2013. [DE 19]  Debtors were discharged on December 24, 2012. [DE 25] The Lease was deemed rejected on January 5, 2013 by operation of law. Debtors vacated the Premises on January 14, 2013. *¶ 19 of the Complaint in AP 13-01132-RGM*.  Subsequently, on August 9, 2013 (DE 41), the Trustee filed an objection to Landlord's priority claim. On September 6, 2013 (DE 45) the Trustee withdrew the objection.

**Argument**

Section 503(b)(1)(A) of the Bankruptcy Code provides that "the actual necessary costs and expenses of preserving the estate" shall be allowed as an administrative expense entitled to Section 507(a) priority in any distribution in the bankruptcy case. *11 U.S.C. §503(b)(1)(A)*. Generally, "[t]he actual and necessary costs of preserving the estate…is the fair rental rate pro rated for the period the premises were used." *In re Tucci*, 47 B.R. 328, 333

2

(Bankr. E.D. Va. 1985). "Absent any evidence to the contrary…the fair rental rate is the contract rental rate rather than a rental value determined by the specific use of the premises." *Id*. However, "the Court has discretion to fix the reasonable administrative rent." *In re Bob Grissett Golf Shoppes, Inc.*, 50 B.R. 598, 608 (Bankr. E.D.Va. 1985).

It is well established that administrative expense claims pursuant to §503(b)(1)(A) should be granted for the post-petition storage of estate property. *See In re PYXSYS Corp.*, 288 B.Rl 186 (Bankr. S.D. Ohio 1989) (granting administrative expense claim to commercial landlord of a Chapter 7 debtor who stored estate assets even though there was no lease.) In the instant case, Debtors continued to use the Premises for its normal day-today business operations until the date that Debtors relinquished the Premises back to Landlord on January 14, 2013. The Debtors' continued use and occupancy of the Premises and its use in its day-to-day business operations resulted in substantial benefit to the bankruptcy estate.

The post-petition pre-rejection rent and additional rent due Landlord are as follows:

| | |
|---|---|
| September 7-30: | $3,295.48 ($4,118.05/30 days = $137.27 x 24 days = $3,295.48) |
| October: | $3,640.74 ($4,446.68 - $805.94) |
| November: | $4,079.63 ($4,252.13-$172.50 legal fee) |
| December: | $4,870.74 |
| January: | $793.34 ($6,416.95-$1,498.27 legal fee = $4,918.68/31=$158.67 x 5 days) |
| Total: | $16,679.93 |

The pre-petition rent and additional rent and rejection damages per 11 USC 502 (b) (6) from January 15, 2013[1] through April, 2013[2] due are as follows:

---

[1] Debtors paid Landlord for the use of the Premises after rejection (January 5, 2013) to the day they vacated the Premises (January 14, 2013).

Pre-petition

September 1-6, 2012: $823.62  ($4,118.05/30 days = $137.27 x 6 days = $823.62).

Rejection Damages

January 15-31, 2013:  $2,538.68 ($6,416.95-$1,498.27 legal fee = $4,918.68/31=$158.67
$157.67 x 16 days= $2,538.68)

| | |
|---|---|
| February, 2013: | $4,915.71 |
| March, 2013: | $4,475.18 |
| April, 2013: | $4,079.63 |
| Total | $13,240.91 ($16,832.82 – $3,591.91 sec. deposit = $13,240.91) |

A copy of the ledger is attached and incorporated herein as Exhibit 2. The Lease was listed under Schedule G of the Petition. Debtors' continued operation of business at the Premises as a source of income was listed on Schedule I and on page 6 of the Statement of Financial Affairs. The Debtors were allowed to continue to operate their business, selling and buying inventory of clothes, shoes, arts and crafts at the Premises through the rejection date, January 5, 2013.

Debtors had some $42,278.00 worth of inventory for sale at the Premises in 2012 and while the bankruptcy was pending. A copy of the Debtors' 2012 tax returns are attached hereto and incorporated herein as Exhibit 3.

"The trustee shall timely perform all the obligations of the debtor, …… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected…" 11 USC § 365 (d) (3). "Under § 365(d)(3) the lessee of an unexpired lease of nonresidential real property must pay rent as an obligation under the lease during the post-petition, pre-rejection period. 11 U.S.C. § 365(d)(3) (1994), *In re Brewer*, 233

---

[2] The Lease expired July, 2013 however, Curtis was able to re-rent the Premises in May, 2013.

B.R. 825, 828 (Bankr. E.D.A.R 1999). The Trustee in the instant case did not pay any post-petition rent or additional rent to the Landlord. While Debtors were allowed in this case to retain the proceeds of the sale of inventory (assets of the estate) at the Premises, "[t]he majority view interpreting this section [§ 365(d)(3)] is that a lessor bound by an unexpired, nonresidential lease is entitled to allowance of an administrative claim for rent without regard to the § 503 demonstration of benefit to the estate." *Id*. at 829. The Landlord in the instant case is entitled to its administrative priority claim pursuant to § 503(b)(1)(A) of the Bankruptcy Code from the date of the Petition (September 7, 2012) to the Lease rejection date (January 5, 2013) in the amount of $16,679.93.

Wherefore, Curtis Properties, Inc. respectfully requests that the Court enter an order (1) allowing it an administrative expense claim in the amount of $16,679.93 representing rents and additional rents due under the Lease from the date of Petition (September 7, 2012) to the Lease rejection date (January 5, 2013) pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, and for such other and further relief as the Court deems appropriate and just.

Dated: June 23, 2014

                Respectfully submitted,

                LAW OFFICE OF ALYSSA W. CHANG, LLC

                s/ Alyssa W. Chang
                Alyssa W. Chang, Bar No. 47697
                19214 Forest Brook Road
                Germantown, Maryland 20874
                (301) 353-0081
                Attorney for Defendant,
                Curtis Properties, Inc.

CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing Motion for Administrative Expenses was served via live ecf on this 23rd day of September, 2013, to all parties to this action.

    /s/ Alyssa W. Chang
    Alyssa W. Chang